United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST CALIFORNIA REALTY,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIE MINICHINO,<br><br>    Defendant.<br>_____/ | No. C-12-3965 EMC<br><br>**ORDER GRANTING DEFENDANT MINICHINO'S** *IN FORMA PAUPERIS* **APPLICATION; AND GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**(Docket Nos. 2, 9)** |

On December 29, 2008, Plaintiff First California Realty filed a complaint for breach of contract against Marie Minichino in state court. Notice of Removal, Docket No. 1; Request for Judicial Notice, Docket No. 10, Ex. 1.[1] On July 26, 2012, Defendant filed a notice of removal to this Court, asserting diversity and federal question jurisdiction. Docket No. 1 at 3. Defendant has also filed an application to proceed *in forma pauperis* ("IFP"). Docket No. 2.

On August 24, 2012, Plaintiff filed the instant motion to remand. Docket No. 9. Plaintiff contends this Court lacks subject matter jurisdiction over this action and that Defendant's removal was untimely and procedurally flawed. Pursuant to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing. For the reasons set forth below, the Court **GRANTS** Defendant's application to proceed IFP and **GRANTS** Plaintiff's motion to remand.

---

[1] Defendant Minichino does not attach the state court complaint to her notice of removal, but Plaintiff has provided it in a Request for Judicial Notice, which the Court grants.

## I. DISCUSSION

A. *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In her financial affidavit, Ms. Minichino states that she is unemployed and receives $1000 per month in rental fees. Meanwhile, her monthly expenses are $900. Given these circumstances, the Court **GRANTS** her application to proceed IFP.

B. Subject Matter Jurisdiction

Although the Court grants the application, it has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, No. C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny *in forma pauperis* status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction"). Moreover, Plaintiff has filed a motion to remand, asserting lack of subject matter jurisdiction.

The Court agrees with Plaintiff that subject matter jurisdiction is lacking. First, Plaintiff's state court complaint asserts only state law claims for breach of contract; therefore, there is no federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002) (federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint). Moreover, the Court sees no basis for diversity jurisdiction because at least at the time the complaint was filed, both parties appear to have been California residents. *See*

28 U.S.C. § 1332(a). Although Defendant states in her notice of removal that she is out of state resident, she provides no evidence to rebut Plaintiff's extensive evidence to the contrary, including Defendant's own statements in court documents. *See* Plf's RJN, Ex. 11, at 1-2 (2010 bankruptcy petition listing Defendant's address at the same Sausalito property that was the subject of the state court action beginning in 2008); *id.* Ex. 12, at 1-2 (same in subsequent bankruptcy petition); *see also Minichino v. First Cal. Realty*, Case No. 11-5185 EMC, Docket No. 51, at 3 (N.D. Cal. Aug. 13, 2012) (Ms. Minichino's opposition to motion to dismiss in related action, stating that First California Realty's owners lived two doors down from Ms. Minichino). Even assuming Defendant is currently an out of state resident, that would not establish the Court's jurisdiction because diversity of citizenship must be present at the time the action was filed. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity-namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected."). Diversity jurisdiction is therefore lacking. *See generally Ortiz v. Grabber Const. Products, Inc.*, C 12-03961 JSW, 2012 WL 4064084, at *1 (N.D. Cal. Sept. 14, 2012) ("The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.") (citing, *e.g.*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

Apart from the Court's subject matter jurisdiction, Defendant's removal was untimely, as it was filed more than two years after the state court action began and Defendant has mad no showing of bad faith. *See* 28 U.S.C. § 1446(b)-(c) (requiring, at the latest, a notice of removal to be filed within one year "after commencement of the action" absent a showing of bad faith). Defendant also actively participated in the litigation in state court. She has therefore waived any right to removal. *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989).

## II. CONCLUSION

Accordingly, the Court **GRANTS** Ms. Minichino's application to proceed IFP and **GRANTS** Plaintiff's motion to remand. Despite her improper removal, the Court exercises its discretion in light of Defendant's pro se status and declines to impose fees and costs for removal.

3

*See* 28 U.S.C. § 2447(c) ("An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added).

This case is hereby remanded to Marin County Superior Court. The Clerk shall close the file.

This Order Disposes of Docket Nos. 2 and 9.

IT IS SO ORDERED.

Dated: September 24, 2012

_____
EDWARD M. CHEN
United States District Judge

4